CASE 82—PETITION EQUITY—NOVEMBER 1.

# Kentucky Mutual Security Fund Co., &c., v. Turner, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

INSURANCE—DISTRIBUTION OF "SECURITY FUND."—In the distribution of the "security fund" provided for by the charter of the Kentucky Mutual Security Fund Company, both the living members and the representatives of those that are dead share in proportion to the amount of their respective certificates, neither class being entitled to a preference over the other.

MARC MUNDY FOR APPELLANT.

The security fund in controversy is not the property of appellant, and can not therefore be applied to the payment of its debts.    The charter of appellant dedicates lthis fund, and the members and beneficiaries are alike bound by the charter and the by-laws made in consonance therewith.    (Burden v. Massachusetts Safety Fund Co., 147 Mass., 360; In re Equitable Reserve Fund, 21 Ins. Law Jour., 390.)

When we come to weigh the equities, that of appellees is weak

Kentucky Mutual Security Fund Co., &c., v. Turner, &c.

in contrast with those of the superannuated and decrepit members who will be cut out of all insurance if this security fund be now distributed, as that would destroy the company. One person can not demand that the welfare of the society and the interest of the many be sacrificed for his sole benefit. (Supreme Lodge v. Knight, 117 Ind., 489.)

If appellant is bound by so much of the contract as compels the payment of the agreed penalty, the appellees must be bound by so much of said contract as forfeits their policies and their claim upon the said security fund as distributed.

LOUIS N. DEMBITZ, E. S. WATTS FOR APPELLANTS HADDOW AND WIFE.

The security fund belongs only to those who have "persisted" either unto death or until a successful suit has been brought to wind up the company.

W. O. HARRIS FOR APPELLEE TURNER.

1. The "persisting members," for whose benefit the "security fund" is directed by appellant's charter to be held, are the members in good standing who have paid their assessments, and the distribution of this fund should include not only the living members but the *legal representatives* of deceased members.
2. The time has arrived for the division of the security fund. The agreement in the policy is in the alternative, that if, after the fund reaches $250,000.00, or after five years from February 4, 1884, the company should fail to pay a claim in full and demand should be made, accompanied by the specified proof, then the division should be made. The fund has not reached $250,000.00, but the required time has elapsed, the demand having been made on the 21st day of February, 1889.
3. If it be true that Turner was granted the policy without paying all he should have paid toward the security fund, that is not a defense to a suit on the policy, but is a matter of counter claim.
4. The judgment should be reversed upon the cross-appeal, because a preference was not given to the representatives of deceased members. Upon the death of a member of a Mutual Benefit Company he, *ipso facto*, becomes a creditor as to all members living when he dies. (May on Insurance, sec. 548; Niblack on Insurance, secs. 276, 351; Bacon on Ben. Societies, 478, 479; 16 Am. and Eng. Enc. of Law, p. 105; Vanatta v. N. J. Mut. Life Ins. Co., 31 N. J. Eq., 17; Stamm v. N. W. Mut. Ben. Ass'n, 65 Mich., 317.)

F. W. MORANCY FOR APPELLEE LOGAN'S ADM'R.

1. As to general rule of construing these contracts of insurance, see Niblack on Mut. Ben. Soc., sec. 408.

Kentucky Mutual Security Fund Co., &c., v. Turner, &c.

2. Court will compel assessment. (Niblack on Mut. Ben. Societies, sec. 289; Ben. Ass'n v. Sayers, 108, 111, 114; Rainsberger v. Mut. Aid Ass'n, 33 N. W. Rep., 626; Bailey v. Mut. Ben. Ass'n, 27 N. W. Rep., 770; Burden v. Mass. Safety Fund Ass'n, 147 Mass., 367.)

3. Dead are preferred to living members. (Bacon on Ben. Societies and Life Insurance, 478—citing: Vanatta v. N. J. Mut. Life Ins. Co., 3 N. J. Eq., 15; Stamm v. N. W. Mut. Ben. Ass'n, 32 N. W. Rep., 710; 8 Western Rep., 767.)

4. By-law is void if in conflict with charter and certificate. (Bacon on Mut. Ben. Societies, 494; Angell & Ames, Corp., 345; Niblack on Mut. Ben. Societies, 21 and 378; State v. Standard Life Ass'n, 38 Ohio St., 281.)

5. Company is bound by contract made by its agents. (Bacon on Mut. Ben. Societies, 171; Emery v. Boston Ins. Co., 138 Mass., 410; Ins. Co. v. Williamson, 13 Wal., 222; Davenport v. Peoria Ins. Co., 7 Iowa, 276; N. E. Ins. Co. v. Shettler, 38 Ill., 166.)

6. By-laws may be waived. (Ins. Co. v. Shell, 29 Penn. St., 31; Sheldon v. Conn. Mut. Life Ins. Co., 25 Conn., 221; Splawn v. Chew, 60 Texas, 532; Manning v. A. O. U. W., 86 Ky., 136; Sanbourne v. Ins. Co., 16 Gray, 448.)

7. Company is estopped to deny validity of contract as being contrary to by-law. (Bloomington Ins. Co. v. Blue, 120 Ill., 127; Lamont v. Grand Lodge, 31 Fed. Rep., 177; Fuller v. Boston, etc., Ins. Co., 4 Mat., 206.)

SIMRALL & BODLEY, WILKINS & DuBOSE, and W. T. COX of COUNSEL ON SAME SIDE.

J. P. HOBSON FOR APPELLEES COLLINS AND WHITE.

1. The lower court properly directed a *pro rata* distribution among all the holders of certificates, whether the members were living or dead. No priority was intended by the charter or certificates to be given the representatives of dead members. (Burden v. Mass. Sec'y Fund Ass'n, 147 Mass., 360.)

2. When the plaintiffs ask a distribution under the contract the defendants have a right to stand and demand a distribution according to the contract. The plaintiffs can not claim under and against the same contract.

3. As Logan and Turner accepted their *pro rata* of the bi-monthly assessment, and did not demand a separate assessment, they can not now in equity demand that the living members be put on terms after several years, when new members have come in and new rights have arisen and the parties can not be placed in *statu quo*. (Zabriskie v. Railroad Co., 23 How., 381; Kent v. Quick Silver Mining Co., 78 N. Y., 187.)

4. In a proceeding to wind up such a company no assessment can be

made, though the court may conclude that it ought to have been made. (In re Protection Life Ins. Co., 9 Biss., 188.)

5. The company had the right to change its by-laws from time to time as the interest of all parties and experience might point out. (Supreme Lodge Knights of Pythias v. Knight, 117 Ind., 489.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The representatives of Turner, and Logan's representatives, having obtained judgments on life policies issued to said deceased by the appellant, the Kentucky Mutual Fund Company, and the same not having been paid in full by said company, the said appellees, or their beneficiaries, instituted this action to subject a fund, known as the security fund, belonging to the said appellant, to the payment of said claim. The provisions of the appellant's charter and by-laws provide for funds for the benefit of its policy-holders, as follows: A mortuary fund, a security fund, and an expense fund. The mortuary fund is intended to pay the policies of such deceased members as may be entitled to the same. That fund is created by certain assessments for the payment of the policies of the deceased members; but the power to assess for such purpose is limited to a certain number of assessments upon the surviving members of the class to which the deceased member belonged, and if such assessments were not sufficient to pay the same in full, it could not be paid out of any other fund. The Security Fund was intended to be created by separate contributions from the members upon joining the appellant, and other sources.

The provision germane to the question at issue is as follows: "Said company further agrees that, if at any time after said fund shall have amounted to two hundred and fifty thousand dollars, or after five years, after February 4th, 1884, if that amount shall not have attained before

that date, it shall fail by reason of insufficient member-
ship, or shall neglect, if justly and legally due, to pay the
maximum indemnity by the terms of the certificate issued,
and such certificate shall be presented for payment to said
trustees by the legal holders thereof, accompanied by
satisfactory evidence as hereinafter provided, its failure
to pay after demand upon it within the time herein stip-
ulated for the limitation of action, then it shall be the
duty of said trustees to at once convert said security fund
into money and distribute the same (less the reasonable
charges for management and control of the said fund)
among the holders of certificates then in force, or their
legal representatives, in the proportion which the amount
of each of their certificates shall bear to the amount of
the whole number of certificates in force."

The evidence of such indebtedness, its correctness, de-
mand and refusal to pay, shall be "a copy of a final
judgment obtained thereon, and the refusal to pay the
same."

Final judgment was obtained on the policies mentioned,
and presented to the appellant for payment and refusal.
Thereupon (the five years having elapsed) this action was
instituted against the appellants, the Kentucky Mutual
Fund Co. and the Fidelity Safety Vault Co., the latter
being trustee of said fund, to subject it to the payment of
said policies. All of the policy-holders were made parties.
The contention on behalf of the representatives of the
policies whose principals are dead, is, that their policies
should be first satisfied out of the security fund, because
the living members of said company constituted a partner-
ship for the benefit of the representatives of those mem-
bers that were dead, and as the representatives of the

.dead members were creditors of the firm, they were, upon .the well known principles of partnership, entitled to .priority out of the partnership fund, and the members. were not entitled to any of it until their claims were satisfied in full. On the other hand, the company and the living members contend that said fund is exclusively for the benefit of the living members in good standing. But .it seems to us that either contention does violence to the language quoted. For it is plainly expressed that upon the failure of the company "to pay the maximum" indemnity due on the policies of dead members, said fund shall be prorated among the living members and the representatives of such as are dead in proportion to the amount of their respective certificates. This language places all upon equal terms in the distribution of said fund in proportion to their respective certificates. None is entitled to a preference over the other. And said provision is not modified by any other provision of appellant's charter or by-laws.

The judgment is affirmed.